UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANTONIO DE JESUS MENDEZ,

Petitioner,

v.

WARDEN, IMPERIAL REGIONAL DETENTION FACILITY, *et al.*,

Respondents.

Case No. 26-cv-02963-BAS-AHG

**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 6)**

Petitioner Antonio De Jesus Mendez filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241, requesting immediate release from custody or a bond hearing. (ECF No. 6.) The Government responded to the Petition, indicating that Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 8.)

Petitioner filed a Traverse, arguing that the Government failed to address his request for immediate release and, thus, he should be released rather than granted a bond hearing. (ECF No. 9.) Specifically, Petitioner argued that he was detained without the required

- 1 -

26cv2963

administrative warrant and that this fact justified immediate release. (*Id.*) The Court ordered the Government to respond to this argument. (ECF No. 10.) The Government filed a Supplemental Brief attaching an administrative warrant that was served upon Petitioner on July 5, 2026, the day after he was arrested. (ECF No. 11.) For the reasons stated below, the Court **GRANTS IN PART** the Amended Petition and orders that Petitioner be given a bond hearing within 7 days.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    ANALYSIS

Petitioner, a citizen of El Salvador, entered the United States without inspection thirty-six years ago. (Pet., ECF No. 1.) Immigration and Customs Enforcement ("ICE") arrested him on July 4, 2025, in the interior of the United States. (*Id.*) Since his arrest, the Department of Homeland Security ("DHS") has refused to grant his request for a bond hearing, presumably relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.* ¶ 1.)

The Central District of California certified a class of which Petitioner was initially a member and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025). Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the court in *Maldonado Bautista* that

- 2 -

26cv2963

an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026). The Government concedes that Petitioner "is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 8.)

For all of the reasons stated in these previous opinions, the Court agrees Petitioner is entitled to a bond hearing before an Immigration Judge pursuant to § 1226(a). However, to the extent Petitioner requests immediate release because of the lack of an administrative warrant, the Court denies the request.

Further, although the Government requests that it be given 14 days to hold a bond hearing, it has been aware of the opinion in *Maldonado Bautista* since November 2025, yet it still requires a habeas petition to enforce the order outside of the Central District of California. In addition, this Petition was filed on May 11, 2026, so specifically as to this Petitioner, the Government has been aware of the need to provide him with a bond hearing since then. Hence, the Government has had plenty of time despite its "heavy caseloads and staffing levels" to schedule a bond hearing. Thus, the Court **GRANTS IN PART** the Amended Petition. (ECF No. 6.)

## III.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Antonio De Jesus Mendez (A# 246-059-538) within 7 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 7 days, Petitioner is ordered released forthwith.

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

**DATED: June 16, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2963